IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-01336-CMA-NYW

JACOB D. OAKLEY,

    Plaintiff,

v.

DEAN WILLIAMS, in his official capacity as Exec. Director (CDOC),
DR. ESTEP, in his individual and official capacity,
DR. BRODY SHAFFER, in his individual and official capacity, and
DR. SIMPSON, in his individual and official capacity,

    Defendants.

---

**ORDER AFFIRMING MAGISTRATE JUDGE RECOMMENDATION (DOC. # 61)**

---

This matter is before the Court on Plaintiff's Objection (Doc. # 68) to the Recommendation of United States Magistrate Judge Nina Y. Wang (Doc. # 61). For the following reasons, Plaintiff's objection is overruled, and Judge Wang's Recommendation is affirmed, and Plaintiff's claims are dismissed without prejudice.

    I.    **BACKGROUND**

This is a 42 U.S.C. § 1983 case alleging violations of the Eighth Amendment. Plaintiff, Jacob D. Oakley, is an inmate at the Centennial Correctional Facility in Centennial, Colorado. (Doc. # 1). Oakley claims that prison staff failed to protect him from gang violence and failed to place him on suicide watch after he threatened self-harm. (Doc. # 1, pp. 5, 16). He also alleges that his prisoner financial account is

1

incorrectly showing a negative balance. (Doc. # 1, pp. 23-26). Oakley is now suing Dean Williams – the Executive Director of the Colorado Department of Corrections (CDOC) – as well as three physicians connected with CDOC's health care system – Drs. Estep, Shaffer, and Simpson (the "Clinical Defendants") – alleging that they violated the Eighth Amendment prohibition on cruel and unusual punishment. (Doc. # 1). Oakley also alleges that Williams violated the Fair Debt Collection Practices Act (FDCPA) and the Colorado Fair Debt Collection Practices Act (CFDCPA) by "not validating the Debt they claim I owe them." (Doc. # 1, p. 23).

Defendants moved to dismiss Oakley's claims, (Doc. # 48), and this Court referred the Motion to Judge Wang for a recommendation (Doc. # 49). Judge Wang recommends granting the Motion to Dismiss on the grounds that (1) Oakley lacks standing to bring an Eighth Amendment claim based on the alleged failure to protect him from gang violence; (2) the clinical Defendants are entitled to qualified immunity; and (3) Plaintiff has failed to state a claim under either the FDCPA or the CFDCPA. (Doc. # 61).

Oakley now objects to Judge Wang's Recommendation.[1] The gist of Oakley's Objection is that, in his view, Judge Wang failed to view the allegations in the Complaint

---

[1] Because Oakley is litigating pro se, the Court will construe his pleadings liberally. *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In other words, "if the if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories . . . or his unfamiliarity with the pleading requirements." *Hall*, 935 F. 2d at 1110. However, the Court should not act as a pro-se litigant's advocate, and it may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997). Pro se plaintiffs must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

in the light most favorable to Oakley and held him to an inappropriately high pleading standard. The Court disagrees and overrules the Objection.

## II. LEGAL STANDARD

When a magistrate judge submits a recommendation, the Court must "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." F.R.C.P. 72(b)(3). An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal quotation marks omitted). In the absence of a proper objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## III. ANALYSIS

### A. CLAIM ONE

Oakley's first claim for relief alleges that the Executive Director of the CDOC, Dean Williams, violated the Eighth Amendment prohibition on cruel and unusual punishment by failing to protect him from gang violence:

> Dean Williams, in his official capacity, violated my Eighth Amendment right to reason[able] safety and safe living conditions by mixing me with Gangs, and political convicts who[] live by the same code of violence and have the same mentality. His violation acc[rued] through his continued implementation of defective . . . polic[ies] to place at risk vulnerable prisoners in the same environment as gangs, exposing us to assault, and extortion. Because of this, I am suing him for injunctive relief to create facilities separate [sic]

3

> from Gangs, Gang affiliates, and political convicts to protect
> me from further harm from repeating over again.

(Doc. # 1, p. 11).

Judge Wang recommends dismissal of this claim on grounds of standing. (Doc. # 61, p. 16). Judge Wang determined that "Mr. Oakley's alleged injuries are not redressable" because "even if Mr. Oakley was successful in . . . requiring CDOC to implement a different policy or creat[e] a separate housing unit, there is no guarantee that Mr. Oakley would qualify for such protection[.]" (Doc. # 61, p. 17). Oakley objects on the ground that, in his view, Judge Wang "held me to an unusually high pleading standard that requires me to not only present my claim but to also make every counter argument[] to convince the courts that my claim has merit." (Doc. # 68). The Court agrees that dismissal is appropriate, but not for lack of standing as set forth in the Recommendation.

It is plain from the face of Oakley's Complaint, and from his subsequent briefing, that Oakley has failed to state a failure-to-protect claim under the Eighth Amendment. To state an Eighth Amendment claim for failure to protect, a plaintiff must allege two elements. First, he "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, he must allege that the prison official he is suing has a "'sufficiently culpable state of mind'" – specifically, that the official showed "deliberate indifference" to the inmate's health or safety. *Id*. (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The prison official's state of mind is measured by a subjective, rather than an objective, standard. *Farmer*, 511 U.S. at 838. In other words, the official must "both be aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. Oakley has failed to allege the second element.

Oakley's Complaint fails to demonstrate that Williams had a "sufficiently culpable state of mind." *Id*. Rather, Oakley alleges only that Williams's "violation acc[rued] through his continued implementation of defective perfunctionatory [sic] polic[ies] to place at risk vulnerable prisoners in the same environment as gangs, exposing us to assault, and extortion" (Doc. # 1, p. 11). Though he claims that defective nature of the challenged policies are "objectively obvious to prison officials," he fails to allege that Williams "dr[ew]" the inference" that Oakley faced a substantial risk of serious harm as a result of these policies. *Farmer*, 511 U.S. at 838. Oakley has therefore failed allege facts which, if proven, would satisfy the elements of an Eighth Amendment failure-to-protect claim.[2] Therefore, the Court agrees that Oakley's first claim for relief is subject to dismissal. *See* F.R.C.P. 12(b)(6).

## B. CLAIM TWO

Oakley's second claim alleges that three doctors who worked in the CDOC healthcare system – Drs. Shaffer, Estep, and Simpson (the "Clinical Defendants") – violated the Eighth Amendment prohibition on cruel and unusual punishment by failing to place Oakley on suicide watch when he threatened self-harm. (Doc. # 1, p. 16). To

---

[2] Further, although Oakley claims that he is challenging a policy, he fails to explain what policy he is challenging, why that policy is defective, or what role Williams has in creating or enforcing that policy. Rather, he offers only the conclusory assertion that Williams "is liable because he is the only one with corrective powers to effect this change." (Doc. # 1, p. 11). This conclusory allegation fails to cross "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

the extent this claim is asserted against the Clinical Defendants in their personal capacities, Judge Wang recommends dismissing this claim on the ground that the doctors are entitled to qualified immunity. (Doc. # 61, pp. 27-30). To the extent this claim is asserted against these defendants in their official capacities, Judge Wang recommends dismissing the claim under Rule 12(b)(6) for failure to state a claim. (Doc. # 61, p. 30, n. 10). Oakley objects to these recommendations on fourteen different grounds (*see* Doc. # 68, pp. 2-13), all of which essentially assert the same argument: that Judge Wang held Oakley to an inappropriately high pleading standard. (*See, e.g.* Doc. #68, p. 7 ("The magistrate judge didn't even accept my facts as true"; "The judge erred as a matter of law when she did not review the rule 12 motions in light most favorable to me"); p. 13 ("She erred in not liberally construing my claims")).[3] The Court agrees with Judge Wang.

First, with respect to Oakley's personal-capacity claim, Judge Wang correctly concluded that Oakley failed to overcome the qualified-immunity defense. The qualified-immunity doctrine shields public employees from lawsuits arising from their performance of official duties. *Allstate Sweeping, LLC v. Black*, 706 F.3d 1261, 1266 (10th Cir. 2013). Under the qualified-immunity doctrine, a public employee can be subject to civil liability for official acts <u>only</u> when his or her conduct violates "a federal constitutional or statutory right that was <u>clearly established</u> at the time of the violation." *Id*. (Emphasis added). "Although qualified immunity defenses are typically resolved at the summary judgment

---

[3] Oakley also argues that Judge Wang erroneously concluded that he had failed to state a plausible claim for deliberate indifference before recommending dismissal on qualified

stage, district courts may grant motions to dismiss on the basis of qualified immunity." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). To survive dismissal on grounds of qualified immunity, a plaintiff's complaint must allege enough facts to show (1) a violation of a constitutional or statutory right and (2) that the right was clearly established when the alleged violation occurred. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002).

Judge Wang correctly concluded that Oakley failed to allege the violation of a clearly established constitutional right. A right is clearly established "when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1196–97 (10th Cir.2010) (internal quotation marks omitted). The right that was allegedly violated – a right to be placed on suicide watch after threatening self-harm – was not "clearly established" at the time this lawsuit was filed. To the contrary, the weight of relevant authority suggests that there is no such right. *See, e.g. Taylor v. Barkes*, 575 U.S. 822 (2015) ("No decision of this Court establishes a right to the proper implementation of adequate suicide prevention protocols. No decision of this Court even discusses suicide screening or prevention protocols."). Oakley fails to point to any Supreme Court or Tenth Circuit authority that supports his claim that the Clinical Defendants violated a "clearly established right." Therefore, the Court finds no error in Judge Wang's dismissal recommendation with respect to this claim.

Next, the Court agrees with Judge Wang's conclusion that Oakley failed to state an official-capacity claim against the Clinical Defendants. An official capacity claim under Section 1983 is "in all respects other than name, to be treated as a suit against the entity" for whom the defendant works. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, to survive dismissal, a plaintiff bringing an official-capacity claim must show that "the entity itself is a moving force behind" the alleged constitutional violation. *Id*. (internal quotations omitted). To do so, he must allege facts which, if proven, would demonstrate that (1) the entity's "policy or custom" played a part in the violation of federal law; and (2) the defendant has authority to provide the requested relief. *Id*.; *Goines v. Pugh*, 152 F. App'x 750, 753 (10th Cir. 2005). Plaintiff failed to do so in this case.

The Complaint fails to allege facts which, if true, would show either that CDOC "policy or custom" played a role in the decision not to place Oakley on suicide watch, or that the Clinical Defendants have authority to change such policy. Though the Complaint alleged that Dr. Estep has supervisory authority over CDOC's mental health programs, it does not suggest that any of the Clinical Defendants had administrative authority to adopt or amend CDOC policy regarding inmate housing or suicide-watch protocol. Thus, Oakley failed to allege an essential element of his official-capacity claim against the Clinical Defendants, and the Court finds no error in Judge Wang's dismissal recommendation.

Oakley's Objection (Doc. # 68) largely fails to address the bases for Judge Wang's Recommendation. Rather, he spends more than ten pages of his Objection re-

arguing the merits of his claims rather than contesting the basis for dismissal. These arguments provide no basis for rejecting Judge Wang's Recommendation.

Further, contrary to Oakley's argument, it is evident from the record that Judge Wang did, in fact, construe his claims liberally and review Oakley's allegations in the light most favorable to him. (*See, e.g.* Doc. # 61, pp. 23-24 (rejecting a narrow interpretation of Oakley's allegations and construing Claim 2 liberally as alleging the subjective component of a deliberate indifference claim)). However, even when construed liberally, Oakley's claims were doomed to fail because Oakley did not allege facts sufficient to support either a personal-capacity claim or a professional-capacity claim against Drs. Shaffer, Estep, and Simpson.

### C. CLAIM THREE

Oakley's third claim for relief alleges that the CDOC "violated the Fair Debt Collection Practices Act by not validating the Debt they claim I owe them." (Doc. # 1, p. 23). Judge Wang recommends dismissing this claim on the ground that CDOC is not a "debt collector" under the either FDCPA or the CFDCPA and is therefore not subject to its provisions. Oakley objects on the grounds that "the secret personnel employed to collect debts due to the state for DOC" meet the definition of "Debt collector" under C.R.S. § 5-16-103(9). (Doc. # 68, p. 15) (emphasis in original). The Court agrees with Judge Wang.

The FDCPA prohibits "debt collectors" from engaging in harassing conduct in connection with the collection of a debt. 15 U.S.C. § 1692d. Similarly, the CFDCPA prohibits the use of "harassment or abuse" or other "unfair or unconscionable means to

collect or attempt to collect any debt." C.R.S. § 5-16-106, -108. Significantly, however, both statutes apply only to "debt collectors." FDCPA defines "debt collector" to mean "any person . . . [employed by] any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed[.]" 15 U.S.C § 1692a. CFDCPA defines "debt collector" as a person employed by a "collection agency," i.e., an entity who "engages in a business the principal purpose of which is the collection of debts," C.R.S. § 5-16-103(3)(a)(I), or one who "[r]egularly collects or attempts to collect . . . debts[.]" C.R.S. § 5-16-103(3)(a)(II). Both statutes expressly exclude "any officer or employee of the United States or any State" from the definition of "debt collector." *See* 15 U.S.C. § 1692a(6)(C); C.R.S. § 5-16-103(3)(b)(III). Thus, Judge Wang correctly concluded that neither Williams nor the CDOC is a "debt collector" under the FDCPA or the CFDCPA, so neither is subject to suit under those statutes.

Oakley argues, however, that his suit can proceed under C.R.S. § 5-16-103(9). That provision states that the term "debt collector" under the CFDCPA can include "any person employed by the department of personnel . . . when collecting debts due to the state on behalf of another state agency." (Doc. # 68, p. 15). In Oakley's view, his Complaint "clearly argued that the secret personnel employed to collect debts due to the state for DOC" are "debt collectors" under the CFDCPA, and his suit should therefore be allowed to proceed. (Doc. # 68, p. 15). The Court disagrees.

Contrary to Oakley's assertions, his Complaint does not "clearly argue" that CDOC employs "debt collectors" as that term is defined in the CFDCPA, and his

10

Complaint makes no mention of any "person employed by the department of personnel" who is alleged to have played a role in this case. C.R.S. § 5-16-103(9). Therefore, he has failed to establish that any Defendant is subject to the provisions of either the FDCPA or the CFDCPA, and his claim must fail as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Objection (Doc. # 68) is OVERRULED. Judge Wang's Recommendation (Doc. # 61) is AFFIRMED, and Plaintiff's Complaint (Doc. # 1) is DISMISSED WITHOUT PREJUDICE.[4] Plaintiff shall have 30 days from the date of this Order to file an amended complaint correcting the deficiencies identified herein. If Plaintiff fails to amend his Complaint within 30 days of the date of this order, the case will be closed.  It is

ORDERED that Plaintiff's Motion to Compel Limited Discovery or Disclosures (Doc. # 73) and Plaintiff's Motion for "Extension of Time" Unopposed (Doc. #74) are DENIED as moot.

DATED: September 14, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[4] "[O]rdinarily the dismissal of a *pro se* claim under Rule 12(b)(6) should be without prejudice, and a careful judge will explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

11